UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JORGE ALBERTO ALEJANDRE-SERVIN,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

Case No.: 26-CV-3902 JLS (JLB)

**ORDER (1) GRANTING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND (2) DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**

(ECF Nos. 2, 12)

Presently before the Court is Petitioner Jorge Alberto Alejandre-Servin's Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 12) and Motion for Temporary Restraining Order (ECF No. 2). Also before the Court is Respondents' Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 14) and Petitioner's Traverse ("Traverse," ECF No. 15). For the reasons set forth below, the Court **GRANTS IN PART** the Petition for a Writ of Habeas Corpus.

## BACKGROUND

Petitioner, a citizen of Mexico, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since November 1, 2025, when he was transferred from MCC to immigration custody. Ret. at 2. On October 30, 2025, Petitioner

pled guilty to Unlawful Representation under Title 18 U.S.C. § 1325(a)(3) and was sentenced to time served. *Id.* While in immigration custody, Petitioner received a negative credible fear determination which was vacated because the "immigration judge was concerned about Petitioner's mental competency, 'including his statements about hearing voices directing him to harm himself.'" *Id.* (citing ECF No. 14, Ex. 3). Petitioner applied for asylum and withholding from removal. *Id.* at 3. On January 23, 2026, DHS filed a motion to pretermit Petitioner's applications for relief finding that Petitioner is subject to the Asylum Cooperative Agreements ("ACA") with Honduras, Guatemala, and Ecuador. *Id.* (citing ECF No. 14, Ex. 5).

On May 4, 2026, Petitioner received a bond hearing where the immigration judge found that they lacked jurisdiction over Petitioner's custody status because Petitioner was not a member of the *Franco-Gonzalez* class. *Id.* (citing *Franco-Gonzalez*, No. 10-2211, 2013 WL 8115423 (C.D. Cal. Apr. 23, 2013)).[1] Petitioner appealed this decision. *Id.* On May 14, 2026, the immigration judge granted DHS's motion to pretermit and ordered Petitioner removed to Ecuador, Honduras, or Guatemala. *Id.* Petitioner has been in immigration custody for over ten months. Petitioner alleges that his prolonged detention violates the Due Process Clause of the Fifth Amendment. *See generally* Pet.

## DISCUSSION

### I. Legal Standard

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the

---

[1] "Under *Franco-Gonzalez*, class members 'who have a serious mental disorder or defect that renders them incompetent to represent themselves' are entitled to a 'Qualified Representative' in immigration proceedings, and class members 'who have been detained for more than six months' are entitled to a bond hearing within 180 days after being identified." *Lara v. Hernandez*, No. C26-747 TSZ, 2026 WL 1758643, at *2, n.5 (W.D. Wash. June 18, 2026) (citation omitted).

court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## II. Jurisdiction

Respondents argue that this Court lacks jurisdiction under 8 U.S.C. §§ 1252(g) and 1252(b)(9). Ret. at 4–5. Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Respondents argue that Petitioner's claims arise from his detention during removal proceedings, which stem from the Attorney General's decision to commence such proceedings. Ret. at 4. The Court disagrees.

Section 1252(g) should be read "narrowly" as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Ibarra-Perez v. United States*, No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482, 487 (1999)). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Id.* at *7. Thus, Section 1252(g) does not bar due process claims. *Walters v. Reno*, 145 F.3d 1032, 1052–53 (9th Cir. 1998) (finding that the petitioners' objective was not to review the merits of their proceeding, but rather "to enforce their constitutional rights to due process in the context of those proceedings").

Here, Petitioner does not challenge the decision to commence removal proceedings or any act to adjudicate or execute a removal order. Traverse at 2–3. Rather, Petitioner is challenging the legality of his continued detention without a bond hearing. *Id.* Petitioner is enforcing his "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1074 (S.D. Cal. 2025). Therefore, § 1252(g) does not strip the Court of jurisdiction. *See, e.g.*, *Germakhanov v. Aki*, No. 26-CV-1397-BJC-VET, 2026 WL 2273115, at *1–2 (S.D. Cal. Aug. 6, 2026) (finding the Court had jurisdiction in a similar matter).

## III. Merits

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, No. 25-CV-2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025). However, "[n]early all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases). In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal. *See, e.g.*, *Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1094 (S.D. Cal. 2025).

The Court finds that Petitioner has established he is entitled to a bond hearing. Petitioner's length of detention, over ten months, without a bond hearing weighs slightly in Petitioner's favor. Courts have found that detention of similar lengths without a bond

hearing weighs in favor of finding that detention has become unreasonable. *See, e.g.*, *Castro Ricardo v. ICE Field Off. Dir.*, No. 26-CV-1195-SAB, 2026 WL 1179786, at *2 (W.D. Wash. April 30, 2026) (finding detention prolonged without a hearing at five and a half months); *Nche v. Patrick*, No. 26-CV-2449-JES-DDL, 2026 WL 1195015, at *3 (S.D. Cal. May 1, 2026) (finding this factor weighed slightly in favor of a bond hearing after six months of detention); *Islamov v. Doe*, No. 26-CV-1528-JES-VET, 2026 WL 1179873, at *4 (S.D. Cal. April 30, 2026); *Amado*, 2025 WL 3079052, at *5 ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable."). The length of detention therefore slightly favors Petitioner.

As to the likely duration of future detention, Petitioner argues that he has reason to anticipate significant future detention because he has appealed his removal order. Ret. at 2. The Court agrees, as Petitioner's appeal to the BIA may take months, and any appeal to the Ninth Circuit thereafter may take years. *See Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) (noting that the "government cannot predict with any degree of confidence when the BIA appeal will be resolved"). Therefore, the likely duration of future detention weighs in Petitioner's favor.

Delay in removal proceedings is neutral since the record does not suggest significant delay by Respondents nor Petitioner. *See* generally Pet.; Ret. Balancing the discussed factors, the Court concludes that Petitioner's detention has become unreasonably prolonged, and therefore, Petitioner is entitled to a bond hearing.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's Amended Petition for a Writ of Habeas Corpus (ECF No. 12) and **ORDERS** the Government to provide Petitioner with a bond hearing <u>within fourteen (14) days</u>, unless Petitioner, the non-citizen, requests a continuance. The Government **SHALL** bear the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released. Bond **SHALL NOT** be denied on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory

detention. The Court **DENIES** the Amended Petition to the extent it seeks release and **DENIES AS MOOT** Petitioner's Motion for Temporary Restraining Order (ECF No. 2).

The Parties **SHALL FILE** a Joint Status Report by September 24, 2026, informing the Court of the outcome of the hearing or the status of the hearing if Petitioner requests a continuance. The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: September 4, 2026

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge